IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROOKS and BARBARA BROOKS, | ) Case No. 10-3541 SC |
| Plaintiffs, | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## I. INTRODUCTION

Plaintiffs John Brooks and Barbara Brooks ("Plaintiffs") filed this action on August 12, 2010, seeking tax refunds for alleged overpayments from the 1983-1986, 1988-1989, and 1993-1994 tax years. See ECF No. 1 ("Compl."). Now before the Court is a Motion to Dismiss filed by Defendant United States of America ("Defendant" or "the government"). ECF No. 19 ("Mot."). Defendant moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Mot. at 1. The Motion is fully briefed. ECF Nos. 22 ("Opp'n"), 23 ("Reply"). For the following reasons, the Court GRANTS Defendant's Motion.

///

///

**II. BACKGROUND**

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiffs' Complaint. This action arises from protracted litigation in which the Internal Revenue Service ("IRS") challenged the limited partnership then known as the Los Angeles Raiders ("the Raiders") football team regarding income and expenses shown on its federal tax returns from 1980-1994. See ECF No. 1 ("Compl.") ¶ 7; id. Ex. 1; Opp'n at 1. Plaintiffs were limited partners in the Raiders partnership. Compl. Exs. 1-8.

The IRS proceedings determined that a number of adjustments to the Raiders' income taxes were necessary, which the Raiders appealed to the United States Tax Court and later to the Ninth Circuit. See Milenbach v. Comm'r, 318 F.3d 924 (9th Cir. 2003). On December 1, 2005, after remand from the Ninth Circuit and further proceedings before the Tax Court, the Raiders and the IRS entered into a settlement agreement. Compl. Ex. 1 ("Closing Agreement"). The terms of this agreement were also incorporated into a stipulated Tax Court decision that was made final on September 5, 2006. Id. In 2008 and 2009, Plaintiffs filed amended tax returns with the IRS, claiming that they were due refunds for 1983-1986, 1988-1989, and 1993-1994 as a result of the Closing Agreement and stipulated Tax Court decision. Compl. ¶¶ 7-9, Exs. 1-8.

On August 12, 2010, Plaintiffs filed this action seeking the refunds claimed in their amended tax returns. Plaintiffs allege that, rather than refunding the amounts they were owed plus interest, the IRS illegally credited the refunds due plus interest

to Plaintiffs' tax assessment for the year 1992. Compl. ¶ 10. Plaintiffs allege that the assessments of tax and interest for the year 1992 were "erroneously and illegally made" because the assessments violated the terms of the Closing Agreement and were barred by the applicable statute of limitations.[1]  Id. ¶¶ 11-12.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

When a defendant submits a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As a court of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) jurisdictional attack may be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a facial attack, the defendant challenges the basis of jurisdiction as alleged in the complaint. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In such a case, the court assumes the truth of the factual allegations, and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d

---

[1] Although not relevant to the instant Motion, Plaintiffs contend that the IRS breached section Q of the Closing Agreement, which provides that each partner of the Raiders partnership "will be permitted at least 90 days to review and comment on computational adjustments proposed by the IRS with respect to the implementation of this settlement . . . prior to the IRS assessing such amounts." Opp'n at 8.

3

358, 362 (9th Cir. 2004).

### B. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiffs allege that the IRS's assessments of their tax liability for 1992 were erroneous and illegal. Compl. ¶¶ 11-12. The government contends that the Court lacks subject matter jurisdiction to consider the merits of this contention because Plaintiffs never filed a refund claim for 1992. Mot. at 3. Plaintiffs argue in response that the Court has jurisdiction to consider the merits of the 1992 tax assessment because the proper relief due was an abatement rather than a refund. Opp'n at 7. The Court agrees with Defendant.

Section 7422(a) of the Internal Revenue Code ("the Code") provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard and the regulations of the Secretary or his delegate established in pursuance thereof.

26 U.S.C. § 7422(a). The regulations promulgated under section 7422(a) state: "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir. 1985) (quoting Treas. Reg. § 301.6402-2(b)(1)). No suit or proceeding under section 7422 may be brought "before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time." 26 U.S.C. § 6532(a). These requirements are intended to prevent surprise and give the IRS adequate notice of the claim so that it can be investigated and resolved. Boyd, 762 F.2d at 1371.

The Code thus requires that any taxpayer who believes a tax has been "illegally or erroneously assessed" must file a refund claim and give the IRS the opportunity to review that claim before filing a lawsuit. Nevertheless, Plaintiffs argue that they could not have filed a refund claim for 1992 because they were due an abatement rather than a refund for that year. Opp'n at 7. According to Plaintiffs, the IRS assessment for 1992 violated the terms of the Closing Agreement, and therefore the IRS is required to abate the 1992 assessment, reverse the credits, and refund the

5

overpayments for the years specified.  Id.  Plaintiffs note that a taxpayer is statutorily precluded from filing a claim for the abatement of income taxes.  26 U.S.C. § 6404(b).  Thus, according to Plaintiffs, because they were due an abatement instead of a refund for 1992, and because a taxpayer may not file a claim for abatement, they were entitled to file suit without having first filed any claim at all with the IRS relating to their 1992 tax liability.

The Court disagrees.  In essence, Plaintiffs contend that the IRS miscalculated their tax liabilities for 1992 and, as a result, erroneously credited the refunds due from 1983-86, 1988-89, and 1993-94 to Plaintiffs' 1992 taxes.  This resulted in an overpayment for 1992, according to Plaintiffs.  Plaintiffs' proper course of action, then, would have been to file a refund claim for 1992, not to ask the Court to "order the government to exercise its authority to abate the 1992 assessment."  Opp'n at 7.

First, abatement of income tax is a matter of administrative discretion not subject to judicial review.  See, e.g., Krugman v. Comm'r, 112 T.C. 230, 237 (1999) (no jurisdiction to review petitioner's claim for abatement of additions to tax); Corson v. Comm'r, T.C. Memo 2009-95, at 5 (2009) ("Section 6404(h) does not authorize us to decide whether the underlying deficiency was properly assessed . . .").  Therefore, the Court cannot "order the government . . . to abate the 1992 assessment," as Plaintiffs request.

Second, numerous provisions of the Code provide that the proper method for challenging an assessment of tax is to pay the tax and petition for a refund.  Section 7422 of the Internal

Revenue Code ("the Code") sets forth clear requirements for disputing tax assessments. Section 7422(a) clearly states that "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed." 26 U.S.C. § 7422(a). The instant suit plainly seeks to recover tax payments on the ground that "the assessments of tax and interest for the year 1992 . . . were erroneously and illegally made." Compl. ¶¶ 11-12. Plaintiffs concede that they did not file a refund claim for 1992. Opp'n at 7. Accordingly, under the plain language of section 7422(a), this Court lacks jurisdiction to review the IRS's assessment of Plaintiffs' 1992 tax liability because they did not file a refund claim for that year.

    Moreover, section 7422(h) states that for actions with respect to partnerships, "no action may be brought for a refund attributable to partnership items, except as provided in § 6228(b) or § 6230(c)." Section 6228(b) requires partners to submit a "timely request" for administrative adjustment before a suit can be filed. Section 6230(c)(3) prohibits the filing of a suit for recovery of tax until "a portion of a claim . . . is not allowed." This statutory scheme indicates that Plaintiffs' remedy in this case was to file a claim for refund for the 1992 tax year, and only after the claim was disallowed or rejected, to file a suit before this Court.

    In sum, the Court lacks subject matter to review the assessment of Plaintiffs' 1992 tax liability. Absent a determination that the assessment was erroneous, Plaintiffs have

7

already received the relief they seek in this lawsuit -- namely, refunds from 1983-1986, 1988-1989, and 1993-1994 that were credited to their 1992 taxes.  Accordingly, Plaintiffs have failed to state a claim upon which this Court may grant relief.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS WITH PREJUDICE the Motion to Dismiss filed by Defendant the United States of America against Plaintiffs John Brooks and Barbara Brooks.

IT IS SO ORDERED.

Dated:   August 9, 2011    
UNITED STATES DISTRICT JUDGE